# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL ACTION NO. 16-00153-CG-N |
| | ) |
| DAVID JESUS JIMENEZ | ) |
|     Defendant | ) |

## ORDER

This matter came before the Court for a hearing on August 16, 2017. Assistant United States Attorneys Donna Dobbins, Christopher Bodnar, and Deborah Griffin were present on behalf of the United States. The Defendant was present, along with his attorneys, Ryan O'Quinn and Donald Briskman. At the hearing, the Court issued its ruling on Defendant's Motion to Obtain Testimony from Foreign Witnesses via Live Video Conference (Doc. 102), and issued partial rulings on the United States' Motion Requesting a Pre-Trial Ruling on the Issue of Attorney-Client Privilege (Doc. 106) and Defendant's Motion to Dismiss/Disqualify the Prosecution Team/Suppress Tainted Evidence (Doc. 124).

Each motion has been briefed extensively and discussed in detail on the record. This order contains a condensed summary of the Court's rulings made at the hearing, and sets a schedule for additional briefing.

### I.     Defendant's Motion to Present Testimony via Video (Doc. 102)

Defendant has moved to present testimony of witnesses located in China via videoconference. Upon consideration, as more fully discussed on the record, the motion is **GRANTED IN PART** as follows. First, in order to testify in this matter, the witness must be unavailable. If the witness is in China as of August 16, 2017, the Court finds him or her

unavailable. As detailed in the United States' response, the United States Consulate in Guangzho, China has been identified as a location from which the proposed witnesses may testify. (Doc. 109). The Court requests the aid of the United States Consulate and would greatly appreciate its cooperation with the parties in accommodating the process. Second, though the *process* of testimony via videoconference has been approved, the Court's ruling whether each proposed witness' testimony is material and relevant is reserved for trial

## II. United States' Motion for a Pretrial Ruling on the Issue of Attorney Client Privilege (Doc. 106)

The United States represents that it anticipates the Defendant will assert attorney client privilege related to communications with immigration attorneys who assisted the Defendant with filing visa applications. There are two categories of visa petitioners at issue. First, there are four visa petitioners that were the Defendant's businesses. Second, there were sixty visa petitioners for which Defendant acted as an agent for the business petitioner.

### A. Defendant as Business Owner

With regard to the four petitioners who were Defendant's businesses, the Court concluded that the *communications* between the Defendant and his attorneys, made on behalf of his own companies, may be covered by the attorney client privilege. However, the United States intends to call these attorneys to testify regarding *actions* taken on behalf of the Defendant, and about documents produced to them in connection with filing visa applications. The Defendant contends that such testimony is prohibited as it is covered by the attorney client privilege.

As outlined on the record, this portion of the United States' motion, as to these four entities, remains **UNDER ADVISEMENT**. On or before **August 23, 2017**, the United States shall submit its proposed direct examination of these attorneys and briefing supporting their

argument that testimony regarding actions they took on behalf of Defendant does not run afoul of the attorney client privilege. The Defendant shall respond on or before **August 30, 2017**. If the Court determines that a question proposed by the United States would illicit privileged information, the Court will consider the applicability of the crime fraud exception at trial.

      **B.**      **Defendant as Agent**

As discussed more fully on the record, with regard to the sixty other petitioners on behalf of which Jimenez acted as an agent, Defendant has failed to show his right to assert attorney client privilege on behalf of those Petitioners. Thus, the United States' motion to prohibit the Defendant from asserting attorney client privilege with regard to the non-Jimenez businesses is **GRANTED.**

      **C.**      **The Sixty-Two Potentially Privileged E-mails**

After the Godaddy.com search warrant was returned and copies of the produced e-mails were provided to the Defendant, Defense counsel contacted the United States to alert them to the possibility that the e-mails may contain privileged communications. A filter team was established and the filter team isolated sixty-two e-mails that may contain privileged communications. These sixty-two e-mails were later provided to the Court for *in camera* review. (As agreed at the hearing, the United States taint team attorney will provide the sixty-two flagged e-mails to the Defendant.). Twelve additional e-mails were also submitted for review. The additional emails were e-mails the Defendant sent himself of issues to discuss with his attorney. Magistrate Judge Nelson determined these additional e-mails to be covered by the attorney client privilege.

The United States now states that they do not intend to use any of the 1,400 e-mails obtained pursuant to the Godaddy.com search warrant, including the sixty-two e-mails. Further,

3

the United States' reply indicates they do not plan to review the Godaddy.com e-mails. (Doc. 128 at 17). Thus, the determination of whether they contain attorney client privilege information is moot for purposes of the United States' motion.

### III. Motion to Dismiss/Disqualify Prosecution Team/Suppress Tainted Evidence (Doc. 124)

At the hearing, the Court summarized the Defendant's grounds for this motion to dismiss, or disqualify the prosecution or suppress tainted evidence as follows: 1) the United States seized allegedly privileged communications, which it still retains ("the e-mails"); 2) the United States inappropriately interviewed a number of immigration attorneys ("interviews"); and 3) a government witness recorded conversations with the Defendant, at the direction of a government agent ("recordings").

#### A. The E-mails

As to the first issue, as more fully explained on the record, the Court finds no deficiency with the United States Attorney's Office taint/filter team process which was utilized to isolate potentially privileged communications. The motion to dismiss/disqualify/suppress is **DENIED** as to this claim.

#### B. Interviews

The Defendant claims the United States' interviews of the immigration attorneys (identified in the parties' briefing) were inappropriate as the United States was aware that the Defendant was represented by counsel. The motion to dismiss/disqualify/suppress is **DENIED** on all grounds as to any claims pertaining to the attorney interviews related to the sixty non-Jimenez businesses, as the Court determined those interviews were permissible. However, as to

4

the four Jimenez businesses, on or before **August 23, 2017**, the United States shall address whether the interviews of these attorneys were proper (along with the briefing regarding attorney testimony at trial). The Defendant shall respond on or before **August 30, 2017**.

    **C.**    **Recordings**

A government witness in contact with government agents offered to make recordings of incoming phone calls he received from the Defendant and the agents directed him to do so. The Defendant argues that this is grounds for dismissal of the indictment, disqualification of the prosecution team, and/or suppression. At the hearing, the United States took the position that because the recorded calls to the government witness were initiated by the Defendant, the agents' instructions do not amount to government misconduct. Additionally, the United States represented that it will not offer these recordings as evidence.

The motion to dismiss the indictment based on the alleged misconduct as to the recordings is **DENIED**. The Court will first consider the propriety of the conduct, and then later evaluate whether any sanctions other are warranted.[1] Both parties shall submit briefs on this issue on or before **August 23, 2017**.

**IV.**    **Conclusion**

As discussed more fully on the record, and summarized above: Defendant's Motion to Obtain Testimony from Foreign Witnesses via Live Video Conference (Doc. 102) is **GRANTED IN PART.** The United States' Motion Requesting a Pre-Trial Ruling on the Issue of Attorney-Client Privilege (Doc. 106) is **GRANTED IN PART** and **UNDER ADVISEMENT IN PART**

---

[1] As the Court observed at the hearing, suppression is moot as the United States has already represented that it does not intend to introduce this evidence at trial.

and Defendant's Motion to Dismiss/Disqualify the Prosecution Team/Suppress Tainted Evidence is **DENIED IN PART** and **UNDER ADVISEMENT IN PART** (Doc. 124).

**DONE** and **ORDERED** this **17th** day of **August 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**