IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 16-00153-KD-N |
| | ) | |
| DAVID JESUS JIMENEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE

In compliance with Federal Rule of Criminal Procedure 32.2(a), Defendant David Jesus Jimenez was given notice in the Second Superseding Indictment that upon his conviction of one or more of the violations alleged therein, including conspiracy to commit visa fraud in violation of 18 U.S.C. § 371 (Count 1), conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 2), wire fraud in violation of 18 U.S.C. § 1343 (Counts 3 through 7), conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 8), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count 9), the United States would seek forfeiture of certain funds as property involved in the offenses, or property traceable to such property, or property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses, or as property used or intended to be used to facilitate the commission of the offense. (Doc. 75)  Defendant Jimenez was also notified that the United States would seek a money judgment equal to the total amount of money involved in the offense or offenses for which Defendant Jimenez is convicted. (Id.)

The jury returned its verdict on October 13, 2017, convicting Defendant Jimenez of Counts One, Eight and Nine of the Second Superseding Indictment (doc. 228-1).  The United

States notified Defendant Jimenez of its intent to seek a money judgment[1] in the amount of $1,433,713.57. (Doc. 225)  Ultimately, the hearing was scheduled for November 28, 2017.

On November 24, 2017, a Joint Stipulation and Consent to Forfeiture was filed by the United States of America and Defendant Jimenez, wherein Defendant Jimenez agreed to the entry of a Money Judgment as follows:

> DAVD JIMENEZ AGREES that, as a result of having been convicted by a jury of the offenses charged in Counts Eight and Nine in the Second Superseding Indictment, the Court could find that $550,000.00 constitutes proceeds traceable to the commission of the offenses of conviction. Therefore, David Jimenez consents to: (i) a money judgment equal to the amount of $550,000.00 to satisfy his forfeiture obligations; and (ii) seek Court approval to secure this money judgment with his ownership interest in residential real property located at 11485 SW 22 Ct., Davie, Florida 33325.

(Doc. 236, p. 2)

And the United States agreed as follows:

> The UNITED STATES AGREES to agrees (*sic*) that: (i) defendant Jimenez's forfeiture obligation should be a money judgment in the amount of $550,000.00; and (ii) that the Court decline to impose a criminal fine in addition to the $550,000.00 forfeited money judgment.

(Id.)

The parties stipulated and agreed as follows:

> (1) As a result of having been convicted by a jury of the offenses charged in Counts Eight and Nine in the Second Superseding Indictment, a money judgment in the amount of $550,000.00 in United States currency (the "Money Judgment") shall be entered against defendant Jimenez.

---

[1] Previously, the United States notified the Court that it would not seek forfeiture of certain funds held in bank accounts that were listed in the forfeiture notice in the Second Superseding Indictment because the United States had filed a Verified Complaint for Civil Forfeiture *In Rem* as to these funds. *See United States v. Approximately $299,873.70 Seized from a Bank of America Account, et al.,* Civil Action No. 16-cv-00545-KD-N (S.D. Ala. 2016) (Doc. 1, Verified Complaint).

      (2) Upon Court approval, defendant Jimenez will secure the Money Judgment with his ownership interest in residential real property located at 114855[2] SW 22 Ct., Davie, Florida 33325.

      (3) Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this stipulation and consent to forfeiture is final as to defendant Jimenez, shall be deemed part of the sentence of defendant Jimenez, and shall be included in the Judgment of Conviction therewith.

      (4) The Court shall retain jurisdiction to enforce this stipulation and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

(Doc. 236, p. 3)

The Federal Rules of Criminal Procedure state that "[a]s soon as practical after a verdict or finding of guilt, … the court must determine what property is subject to forfeiture under the applicable statute" and that "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). "The court's determination may be based on evidence already in the record, … or any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1). Additionally, a preliminary order of forfeiture becomes final "if at any time before sentencing the defendant consents" to the forfeiture. Fed. R. Crim. P. 32.2(b)(4).

The United States seeks forfeiture pursuant to 18 U.S.C. § 982(a)(1) which provides that the "court, in imposing sentence on a person convicted of an offense in violation of section 1956 … of this title, shall order that the person forfeit to the United States any property, real or person,

---

[2] The address "114855" in the Joint Stipulation and Consent to Forfeiture appears to be a typographical error and the address should be "11485". The address was also identified as 11485 SW 22 Ct., (doc. 236, p. 2), which is the same address for the property securing Jimenez's bond (doc. 235).

involved in such offense or any property traceable to such property." Thus, § 982(a)(1) applies to Defendant Jimenez's conviction for money laundering and conspiracy to commit money laundering.  Also, in *United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009), "the Eleventh Circuit implicitly (if not explicitly) endorsed the exact relief the Government seeks in the instant motion: a forfeiture money judgment under 18 U.S.C. § 982(a)(1) imposed against a defendant found guilty of a money laundering offense." *United States v. Tardon,* 56 F. Supp. 3d 1309, 1319 (S.D. Fla. 2014) (appeal stayed pending resolution of related forfeiture claims in the district court) (*United States v. Tardon*, Case. No. 14-15140, Appellant's Status Report (11th Cir. Nov. 15, 2017) (citing *Seher* and *United States v. Puche*, 350 F. 3d 1137, 1153 (11th Cir. 2009)) (allowing forfeiture money judgments for money laundering offenses).

"Forfeiture orders imposed at the end of a criminal proceeding solely because of a conviction are considered fines subject to the Eighth Amendment's prohibition of excessive fines." *United States v. Carlyle*, 2017 WL 4679564, at *2 (11th Cir. Oct. 18, 2017) (citing *United States v. Seher*, 562 F. 3d at 1371).  " 'A forfeiture order violates the Excessive Fines Clause if it "is grossly disproportional to the gravity of a defendant's offense." ' " *Id.*  "Whether a particular forfeiture is 'grossly disproportional' is determined through looking principally at three factors: '(1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature (or the Sentencing Commission); and (3) the harm caused by the defendant.' " *Id.*  "The impact of the fine on the individual defendant is not considered, and it is strongly presumed that the forfeiture is constitutional if the forfeiture amount is within the range of fines prescribed by Congress." *Id.*

Upon consideration of the evidence in the record, and the Joint Stipulation and Consent to Forfeiture wherein Defendant Jimenez specifically consents to a money judgment equal to the

amount of $550,000.00 to satisfy his forfeiture obligations, which the Court accepts as additional evidence, the Court finds that entry of judgment in favor of the United States for the agreed upon amount is appropriate. Consideration of the factors enumerated in *United States v. Carlyle,* indicates that the fine is not disproportional to the gravity of Jimenez's offenses of conviction. Also, the money judgment amount is within the range of fines prescribed in 18 U.S.C. § 1956(a)(1). The statute provides that the defendant "shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater[.]" The evidence presented at trial indicates that greater than $550,000.00 could reasonably have been found to be involved in the money laundering transactions.[3]

>Accordingly, it is ORDERED, and ADJUDGED, as follows:
>
>(1) A Money Judgment in the amount of $550,000.00 in United States currency is entered against Defendant Jimenez, pursuant to 18 U.S.C. § 982(a)(1), and in favor of the United States of America, which sum represents proceeds traceable to the offenses of conviction
>
>(2) The Court having entered the Money Judgment, Defendant Jimenez shall secure the Money Judgment with his ownership interest in residential real property located at 11485 SW 22 Ct., Davie, Florida 33325, as agreed and stipulated by the parties.
>
>(3) Pursuant to Fed. R. Crim. P. 32.2(b)(4) of the Federal Rules of Criminal Procedure, this stipulation and consent to forfeiture is final as to defendant Jimenez, shall be deemed part of the sentence of defendant Jimenez, and shall be included in the Judgment of Conviction therewith.
>
>(4) Pursuant to Fed. R. Crim. P. 32.2(c)(1), this personal money judgment is final and no ancillary proceeding is required.

---

[3] The Court notes that in the Position Regarding Forfeiture, the United States indicateed that it would seek a money judgment in the amount of $1,433,713.67 "because it is this amount the United States can prove by a preponderance of the evidence was 'involved in' the money laundering conspiracy." (Doc. 225, p.2).

(5) The Court shall retain jurisdiction to enforce this stipulation and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of Court shall forward four (4) certified copies of this Order to Assistant United States Attorney Donna B. Dobbins, U.S. Attorney's Office, 63 S. Royal St, Mobile, AL 36602.

**DONE** and **ORDERED** this 28th day of November 2017.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**