# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL ACTION NO. 16-00153-KD-N |
| | ) |
| DAVID JESUS JIMENEZ, | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

Before the Court is David Jesus Jimenez's pro se motion requesting a judicial recommendation concerning the length of placement in a Residential Reentry Center ("RRC")/Halfway House. Jimenez writes that he is currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi and that his projected release date is August 24, 2020. He seeks a recommendation from this court that he be placed in an RRC for the maximum period allowed under law, i.e., 12 months. In support, he argues that

> placement time of 12 months would maintain the integrity of the disposition while still preserving the punitive aspect of his sentence and would allow Mr. Jimenez the opportunity to address and correct his elevated risk of recidivism by virtue of the nature of his instant offense, poor vocational opportunities, unstable release residence, lack of savings or assets, spouse unable to work, three minor children to support, alcohol abuse, ruined community reputation, no credit, and a money judgment of $550,000. He will remain under the control of the BOP while in the supervised environment of the RRC as the law requires.

(Doc. 300 at 3–4).

The Second Chance Act provides that "[t]he Director of the Bureau of the Prisons ["BOP"] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the re-entry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. §

3624(c)(1). The Act requires the Director of the BOP to issue regulations to ensure that placement in a community correctional facility is decided on an "individual basis" and is of "sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). Moreover, it directs that the determination be "conducted in a manner consistent with section 3621(b)[.]" 18 U.S.C. § 3624(c)(6). Under 18 U.S.C. § 3621(b), the BOP may consider (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate); and (5) any pertinent policy statement issued by the Sentencing Commission. See 18 U.S.C. § 3621(b)(1)–(5).

Jimenez's motion suggests this Court's recommendation would be decisive in determining whether he is placed in an RRC. That is not the case. Instead, Congress authorized BOP staff to consider five factors when determining whether an inmate qualified as an ideal candidate for placement in an RRC. A court's statement constitutes merely one of the five factors.

Upon consideration, Jimenez's motion is **DENIED**. The Court instead defers to the BOP's judgment with respect to decisions regarding his placement in an RRC, including the duration of any placement.[1]

The Clerk shall mail Jimenez a copy of this Order.

---

[1] Of course, the BOP's consideration still includes the Court's statements at the time of sentencing "concerning the purposes for which the sentence to imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate[.]" 18 U.S.C. § 3621(b)(4).

**DONE** the 11th day of April 2019.

       /s/ Kristi K. DuBose
       **KRISTI K. DuBOSE**
       **CHIEF UNITED STATES DISTRICT JUDGE**